Opinion of the Court, by
Judge Boyle.
THIS is an appeal from a judgment in an action of detinue, for a negro girl. Johnson having sold the girl. Johnson having sold the girl in question to Williams, Williams by his deed covenanted and agreed, “ to let Johnson have the girl back again, on his paying to Williams two hundred and fifty dollars, at anytime between the 15th of July and the first day of September, 1805.” On the trial of the cause, the court instructed the jury, “ that if the evidence satisfied them that Johnson had tendered two hundred and fifty dollars to Williams, at any time before midnight, of the 31st day of August, 1805, though after sunset and after dark of that day, that it was a good tender under the deed aforesaid, and entitled Johnson to the negro girl.” To this instruction and opinion of the court, Williams, by his counsel, excepted; and the only question now to be decided, is, the correctness of that opinion.
Nature has formed, and convenience has pointed out the day, as the proper time for the transaction of the ordinary concerns of human life. Though night, as well as day, is a part of natural time, and for some legal purposes, is taken into estimation; yet, it is not that portion of time which the law, founded in reason and consulting the convenience of mankind, has allotted for the tender of money or of goods, which a person may be bound by contract to pay or deliver. In 2 Salk. 624, it is held, that the last part of the day is the time the law appoints for a tender; but it must be long enough before sunset, for transacting the matter which is tendered. In Bacon’s Abridgement, title “ Tender,” it is laid down: “ That although the party who ought to pay money or deliver goods, has until the uttermost time of the last day limited for the payment or delivery, to pay the money or deliver the goods; a tender is not good unless there be, after it is made, time enough before sunset to tell the money, or to examine and take account of the goods. For, if a man should be compelled to receive either money or goods in the dark, there would be great danger of his being imposed upon. It was contended at the bar, that this doctrine did not apply to the case before the court, and a distinction was en *85 deavored to be taken between this case, and those where the debt or duty was to be paid or performed, on a given day. On a careful examination of all the authorities, within reach of the court, we have not been able to find a solitary case, warranting such a distinction, or in which it has been held, under any mode of expression, as to the time of payment or performance of a contract, that a tender after dark was good. In 1 Plow. 173, where the lease was upon condition, that if the rent be in arrear after either of the feasts on which it ought to be paid, by the space of ten days, that then the lessor shall enter, &c. it was adjudged, that the time for payment to save the lessee from a forfeiture of his lease, was the last convenient time, before sunset, of the tenth day. And in 1 Inst. 202, Coke lays down the same rule, as to the time of tender, in his commentary upon Littleton, where, in the text, the case is supposed of a feoffment, upon condition that the feoffee should enter, if the rent reserved should be behind, a given number of days after the day of payment. In these cases, the right of entry of the lessor or feoffor, did not accrue until midnight of the tenth, or last day given for the payment; but the time allowed for the tender of payment, to save the condition, was a convenient time, before sunset, of the tenth or last day. In principle, these cases do not differ from the one before the court; and the rule and the reasons of the rule, as to the time of tender, established in them, apply with equal force to the present.
Judgment reversed, &c.